RICHARDSON CONSTRUCTION CO., Inc. a corporation, Plaintiff and Respondent, *v.* STATE BOARD OF EQUALIZATION of the State of Montana et al., Defendants and Appellants.

No. 11424.
Submitted June 17, 1968. Decided July 2, 1968.
443 P.2d 36.

Forrest H. Anderson, Leo J. Kottas, Jr., Donald D. MacPherson, Helena, for plaintiffs and appellants.

Colgrove & Brown and Dewey M. Huss, Kenneth R. Wilson, Miles City, for defendant and respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by defendants from an order denying their motion to quash a temporary restraining order issued in an action for a declaratory judgment. The cause has been submitted on briefs without oral argument. The action involves Chapter 195, Laws of 1967, which amended sections 84-3501 and 84-3505, R.C.M.1947. So far as is pertinent here these amendments imposed an additional license fee on each public contractor in a sum equal to 1% of the gross receipts from contracts during the income year for which the license was issued. The amendment became effective on February 28, 1967.

On May 23rd, 1967, plaintiff, a highway contractor, submitted a bid to the State Highway Commission and was awarded a contract in the sum of $780,389.86 covering highway improvements in Fallon County, Montana.

On July 27th, 1967, plaintiff filed its complaint and on July 28th a temporary restraining order was issued by the district court which required defendants, being the State Board of Equalization and the State Highway Commission and their members, to appear and show cause on September 11th, 1967, why the restraining order should not remain in effect during the pendency of the action. Service of these papers was effected by acknowledgment on July 31st, 1967.

On August 3rd, 1967, plaintiff and defendant State Board of Equalization, through their respective counsel, entered into a written stipulation which provided: "That, pending determination of the issues in this action, the plaintiff shall deposit with the court, any amounts withheld from the earnings of plaintiff's subcontractors on Federal Aid Project No. F-FG 86 (30), in compliance with Chapter 35, Title 84, R.C.M. 47, as amended, to-

gether with a statement thereof; and, that the disposition of said deposited funds shall be ordered by the court.''

On August 15th, 1967, defendants filed and served an answer and notice of consolidated motions to quash the temporary restraining order and for judgment on the pleadings. An amended answer was filed on August 22nd, and on August 29th the consolidated motions to quash the temporary restraining order and for judgment on the pleadings was filed.

These motions came on before the district court on October 13th, 1967, at which time, in reply to a query from the court, counsel for the plaintiff stated: ''Yes, Your Honor, the State Highway Commission is withholding the licence tax from the Plaintiff's earnings. The Restraining Order has prevented them from transmitting the funds to the State Board of Equalization, but the Highway Commission is withholding the funds, and the Plaintiff is depositing the funds that would be due from it into court. So that the tax is actually being collected by the Highway Commission but they haven't transmitted it to the State Board of Equalization.

''THE COURT: Now, I don't quite grasp that. It is being held by the Highway Commission and also the Clerk, and being deposited with the Clerk of Court also?

''MR HUSS: Well, the amounts that are being deposited with the Clerk of Court are the amounts that the Plaintiff is required to withhold because of the earnings of his subcontractors on this particular highway project.

''THE COURT: And the Commission is withholding though the amount that the Plaintiff is required to pay on his own contract.

''MR. HUSS: Yes, the Highway Commission is holding that.''

Further, counsel for the plaintiff stated:

''It's much like an employer withholding the taxes, the income from his employees. I don't think the employer is in any position to question the law that requires the employee to pay

these taxes, and I think the matter of the funds that we are depositing are covered by the stipulation. Mr. Douglas agreed that we would deposit the amounts in the court pending a determination of the issues in this action and then have the Court direct the disposition of the funds.

"THE COURT: Yes, it seems to me that stipulation says that pending the determination of the issues in this action the Plaintiff shall deposit with the court any amounts withheld from the earnings of the Plaintiff's subcontractors together with a statement thereof and that the disposition of said deposited funds shall be ordered by the Court. * * *"

Thereafter the court by separate orders denied the motion to quash and the motion for judgment on the pleadings. From the discussion had between court and counsel at the time of the hearing it is apparent that the court felt the stipulation was intended by the parties to concede the restraining order pending determination of the issues in the action. This is further supported by the court's use of this language in its order denying the motion for judgment on the pleadings, to-wit:

"* * * it appearing that there is an unresolved factual issue involving plaintiff's claim that the license tax imposed by Section 84-3505 R.C.M., 1947 as amended by the 1967 legislature is unreasonably high and prohibitive and in contravention of Article II, Sections 3 and 27 of the Constitution of Montana, * * *"

Defendants cite us to various authorities to support their contention that the temporary restraining order should have been quashed, but as before pointed out the district court was of the opinion, and we concur in that view, that the defendants stipulated away their right to raise that question at this stage of the proceedings. Likewise, while defendants desire this Court to rule upon plaintiff's contentions, there has been no hearing upon the merits and the district court recognized that certain factual issues had to be resolved before a

final determination could be made. We agree with the district court and for that reason we must hold that the appeal here attempted is premature.

It is therefore Ordered that the cause be returned to the district court for further proceedings leading to a final determination.

MR. JUSTICES HASWELL, ADAIR, CASTLES and JOHN CONWAY HARRISON, concur.